THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABRAM S. UNDERHILL and Others, Relators, v. CHARLES R. SKINNER, as State Superintendent of Public Instruction, Respondent.

*Payment by a school district of the expenses of an action of libel brought against members of a committee thereof — who may not attack the decision of the State Superintendent of Public Instruction on an appeal from the action of a school district — constitutionality of the provision making his decision final.*

A committee appointed at a meeting of the electors of a school district to investigate the financial affairs thereof made a report stating that there was a shortage in the accounts of the district and implicated two persons in such shortage. Thereafter the persons so implicated brought actions of libel against three of the members of the committee in their individual capacity, which actions were ultimately abated or determined in favor of the defendants.

Subsequently the defendants in such actions made a claim against the school district for the expenses incurred by them in defending the several libel actions, which claim was allowed by a vote taken by ballot.

One of the persons who brought the libel actions then took an appeal to the State Superintendent of Public Instruction under section 1 of title 14 of the Consolidated School Law, which provides : " Any person conceiving himself aggrieved in consequence of any decision made * * * by any school district meeting * * * may appeal to the Superintendent of Public Instruction, who is hereby authorized and required to examine and decide the same; and his decision shall be final and conclusive, and not subject to question or review in any place or court whatever." On such appeal the State Superintendent of Public Instruction set aside the action of the school district meeting.

In a certiorari proceeding instituted by the three members of the committee to review the action of the State Superintendent of Public Instruction in setting aside the action of the school district meeting, it was

*Held*, that, as the only parties to the appeal to the State Superintendent of Public Instruction were the persons constituting the school district meeting and the person conceiving himself aggrieved by the decision, no rights of the relators were involved, and that for this reason they were not in a position to attack the constitutionality of that provision of the section of the Consolidated School Law making the decision of the State Superintendent of Public Instruction "final and conclusive and not subject to question or review in any place or court whatever."

*Semble*, that such provision was constitutional.

That upon the merits the State Superintendent of Public Instruction had correctly determined the controversy, as there was no authority in the school district meeting to reimburse the relators for the moneys which they had spent in defending actions brought against them in their individual capacity.

CERTIORARI issued out of the Supreme Court, and duly attested, directed to Charles R. Skinner, as State Superintendent of Public Instruction of the State of New York, commanding him to certify and return to the office of the clerk of the county of Westchester all and singular his proceedings in setting aside the action of the electors of school district No. 1 of the town of Ossining.

*Griffin & Young*, for the motion.

*Smith Lent*, opposed.

WOODWARD, J.:

The relators, by a writ of certiorari, seek to review the action of Charles R. Skinner, as State Superintendent of Public Instruction, in setting aside the action of the duly qualified electors of school district No. 1 of the town of Ossining at a school meeting held on the 6th day of August, 1901. It is necessary to an understanding of the questions here presented for review to briefly recite some antecedent history of the school district involved.

On the 1st day of August, 1899, at a duly called meeting of the electors of the school district above mentioned, the board of trustees made a report of the financial affairs of the district and made a demand for an increased amount of money. As a result of the meeting a committee of five members was appointed to investigate the report which had been submitted and to report at an adjourned meeting to be held on the 22d day of August, 1899. The relators constituted three of the five members of such committee, and after making an investigation of the report the committee reported to the adjourned meeting that there was a shortage in the financial affairs of the district, and implicated Smith Lent and another in the report in such a manner that Mr. Lent subsequently felt called upon to bring an action against each one of these relators, charging them with libel. Similar actions were brought by the other person involved in the matter, but as he is now dead it is not important to consider him. The actions for libel, in addition to the matters alleged in this report, charged the several relators with writing and publishing in a local newspaper an elaboration and justification of the original report, and the actions were brought, not against the relators in any official or representative capacity, but as individuals.

The relators employed able counsel, and the several actions either abated or were determined in favor of the defendants. Subsequently the relators, acting upon the theory that they were school district officers within the meaning of section 5 of title 15 of the Consolidated School Law (Laws of 1894, chap. 556), presented a claim in writing, under oath, to a regular meeting of the inhabitants of school district No. 1 of the town of Ossining, requesting the payment of $2,278.99 for expenses incurred in defending the several actions for libel which Mr. Lent and another had brought against them, and this claim, by a vote taken by ballot, was allowed.

Mr. Lent, under the provisions of section 1 of title 14 of the Consolidated School Law, appealed to the State Superintendent of Public Instruction, who, after hearing the case, entered an order setting aside the action of the school district meeting, and it is this order that we are asked to review at this time.

By the provisions of section 2140 of the Code of Civil Procedure this court is authorized, on the hearing upon the return to a writ of certiorari, to inquire whether the body or officer had jurisdiction of the subject-matter of the determination under review, and whether there was any competent proof of all of the facts necessary to be proved in order to authorize the making of the determination, as well as some other matters not necessary to be here considered. The facts here are not disputed, and we are to determine whether the State Superintendent had jurisdiction, and, if he did, whether the conceded facts justified the action taken. Section 1 of title 14 of the Consolidated School Law provides: "Any person conceiving himself aggrieved in consequence of any decision made * * * by any school district meeting * * * may appeal to the Superintendent of Public Instruction, who is hereby authorized and required to examine and decide the same; and his decision shall be final and conclusive, and not subject to question or review in any place or court whatever." Mr. Lent appears to have felt himself aggrieved at the action of the school district meeting of Ossining in voting to pay the expenses of the relators in defending the actions which he had brought against them for libel, and he has appealed to the Superintendent of Public Instruction, who has set aside the action of such meeting. There would, therefore, appear to be no question that the officer had jurisdiction of the subject-matter, and the action

of the Superintendent of Public Instruction operates to set aside the action of the district meeting in allowing the claim of the relators. The statute says that his decision shall be final and conclusive, but the relators urge that this provision of the statute is unconstitutional because it seeks to deny jurisdiction to the Supreme Court. We are of opinion that the relators have misapprehended the law in this particular as in the assumption that the district had a right to appropriate the money of the taxpayers in defending private actions against themselves. The school district is a *quasi* corporation, and it is clearly within the power of the Legislature to say that such a corporation shall not appeal from the determination of an officer authorized to adjust controversies to which it is a party. The party who feels himself aggrieved, if he has a clear legal right, may, no doubt, enforce it in the courts, while in a matter in which he merely has a grievance the statute provides that he " may appeal to the Superintendent," and if he does so he must accept the terms under which the privilege is granted. No rights of the relators are involved. The only parties to the appeal are the persons constituting the school district meeting and the " person conceiving himself aggrieved in consequence of any decision made   *   *   *   by any school district meeting." If the relators have any legal rights they are not here involved, and they are not in a position to raise the constitutional question suggested, even though it has merit, which we do not concede.

But, upon the merits, we are of opinion that the State Superintendent of Public Instruction has correctly determined this controversy. The relators can have no rights which are not given by the statute to recover the expenses of litigation, and they have not shown facts sufficient to bring themselves either within the letter or the spirit of the Consolidated School Law. They were not school district trustees or officers ; they were not defending any action in which the school district was involved in the slightest degree. If all of the actions had been determined in favor of the plaintiffs, it would not have cost the school district one cent, nor could any judgment have been rendered against the district or any of its officers. The actions, because they grew out of a controversy over the affairs of the school district, did not impose any duty, either legal or moral, upon the inhabitants of the district to pay the cost of the litigation

SECOND DEPARTMENT, JUNE TERM, 1902. [Vol. 74.

any more than would be the case if the trouble had grown out of the shortage in accounts of the village treasurer or the supervisor or any other public officer or body, and it would be against public policy to permit individuals to defend purely personal actions at the expense of the community. Men undertake public duties, they discharge the duties of citizenship, subject to the risk of being called upon to defend their conduct in the courts ; it is one of the penalties we pay for the protection of society, and because the relators have been called upon to make large disbursements in vindicating their report is no reason why they should expect the school district to go outside of the law to reimburse them.

The writ of certiorari should be dismissed, with costs.

All concurred.

Writ of certiorari dismissed, with costs.